IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

WEATHERFORD ARTIFICIAL LIFT     *
SYSTEMS, INC.,     *
    *
         Plaintiff,     *
    *
vs.     *     No. 4:10CV01364 SWW
    *
BRUCE OAKLEY, INC.,     *
    *
         Defendant.     *

**Memorandum and Order**

Plaintiff Weatherford Artificial Lift Systems, Inc. ("WALS"), a Delaware corporation, brings this complaint against Bruce Oakley, Inc. ("BOI"), an Arkansas corporation, seeking to recover possession of personal property pursuant to Ark. Code Ann. § 18-60-820 (2003). Defendant answered and asserted a counterclaim and a third-party complaint. Oakley Trucking, Inc. ("OTI")[1] filed a motion to intervene, WALS filed a motion to dismiss the counterclaim, and the third-party defendants filed a motion to dismiss the third-party complaint. For the reasons stated below, the Court denies the motion to intervene and grants the motions to dismiss.

**Background**

In February 2008 at plaintiff's request, OTI proposed to build concrete pads on OTI's premises in North Little Rock, Arkansas.[2] Plaintiff accepted the proposal, OTI built the pads and was paid $53,428.19. Pursuant to an agreement between plaintiff and OTI, plaintiff erected eight silos on the pads for use by plaintiff in storing products shipped to it at the OTI premises. Those

---

[1]Apparently, defendant BOI is the parent company of OTI. *See* docket entry 14-1.

[2]The proposal attached as an exhibit to plaintiff's complaint was signed by James Wingate, Terminal Manager, Bruce Oakley, Inc.

products were handled and transported by OTI from time to time to well sites for use by plaintiff or other entities.

Plaintiff alleges it has attempted to make arrangements with OTI to remove the silos from the concrete pads on OTI's premises, but OTI has refused to allow such removal. Plaintiff states the cost and estimated value of the silos is $823,161.00, and it is entitled to judgment for delivery.

Defendant answers that it built the pads in reliance on statements and conduct of Weatherford International, LTD, a Switzerland corporation; Weatherford International, Inc., a Delaware corporation; and Weatherford U.S. L.P., a Delaware limited partnership ("the Weatherford entities"), that OTI would furnish services for transportation of cargo that was delivered to BOI facilities and stored in the silos. Defendant says that at the time it built the pads, it was not aware of the identity of plaintiff and believed it was furnishing freight services to the entity that provided the silos. Defendant alleges it does not know which entity owns the silos and asserts the silos should remain on BOI property until freight charges and other fees and expenses are paid to OTI. Defendant states OTI has a lawsuit pending in state court against the Weatherford entities involving freight charges.

**Motion to Intervene**

OTI's motion to intervene states as follows:

OAKLEY TRUCKING, INC., an Arkansas corporation with principle place of business at 3700 Lincoln avn [sic], N. Little Rock, Arkansas 72114 moves for leave to intervene as a defendant and counter claimant and third party plaintiff in this action to file answer, counter claim and third party complaint as set out in answer, counterclaim and third party complaint filed October 1, 2010 in this action and incorporates same by reference.

Docket entry 6.  In a subsequent pleading, OTI states it seeks permissive intervention under Fed.R.Civ.P. 24(b)(2).[3]

Plaintiff opposes OTI's motion to intervene on the basis that OTI fails to assert a claim "that shares with the main action a common question of law or fact."  Fed.R.Civ.P. 24(b)(1)(B).  Plaintiff also argues that intervention would unduly delay or prejudice the resolution of the replevin, the subject matter of the complaint.  *See* Fed.R.Civ.P. 26(b)(3).

The Court finds OTI's claim regarding freight charges does not share a common question of law or fact with the replevin action.  The Court further finds that permitting OTI to intervene on a claim regarding freight charges against separate corporate entities, which is the subject of a matter pending in state court, would unduly prejudice or delay the relief sought in the complaint.

## Motion to Dismiss Counterclaim

Defendant asserts a counterclaim against plaintiff that "all of the above Weatherford entities are members of one controlled group, affiliated, estopped by detrimental reliance of BOI and OTI to claim that tank ownership is separate from obligations to pay OTI freight charges."  Counterclaim at ¶ 13.  Plaintiff moves to dismiss defendant's counterclaim pursuant to Fed.R.Civ.P. 8(a)(2).

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'  As the Court held in *Twombly,* the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers 'labels and

---

[3]OTI cites Fed.R.Civ.P. 24(b)(1)(A) in support of its motion. *See* Reply to Objection to Intervention [docket entry 21].  Rule 24(b)(1)(A) provides the court may permit anyone to intervene who "is given a conditional right to intervene by a federal statute; . . ."  OTI fails to identify any federal statute giving it a right to intervene.  The Court, therefore, will consider the motion to intervene under Rule 24(b)(B), intervention based on a common question of law or fact.

conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully..  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''

*Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009)(internal citations omitted).

Defendant responds that it has more than its "belief" that the same Weatherford entity paid for both the pads and freight charges, and submits the "affidavits" of Sadie Ringgold, controller for BOI, and Manley Denton, dispatcher for BOI. and copies of checks from Weatherford U.S.L.P to OTI for freight; wire transfers from "Weatherford" to OTI for freight; a check from Weatherford U.S.L.P to BOI for installation of pads and fixtures for the silos; and invoices from BOI to "Weatherford" in Searcy, Arkansas, for the pads and fixtures.[4]  Defendant argues that the attachments plead sufficient factual matters to state a claim for relief that is plausible on its face.  *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)(when considering a 12(b)(6) motion, the court generally must ignore materials outside the pleadings but may consider 'some materials that are part of the public record or do not contradict the complaint.')

The Court finds defendant fails to allege sufficient facts to support its allegations that plaintiff is responsible for freight charges.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

---

[4]*See* docket entry 14-1.

(2007)(claimant must allege sufficient facts to have "nudged [its] claim across the line from conceivable to plausible."

## Motion to Dismiss Third-Party Complaint

Separate third-party defendants Weatherford International, Inc. and Weatherford U.S.L.P. move for dismissal of BOI's third-party complaint.  Dismissal is proper if the third-party complaint fails to state a claim upon which relief can be granted.  *See* Fed.R.Civ.P. 12(b)(6).  At this stage of the litigation, the Court accepts as true all of the factual allegations contained in the third-party complaint, and reviews the pleading to determine whether the allegations show an entitlement to relief.  *See Bell Atlantic Corp.*, 550 U.S. at  555-56 (2007).

Federal Rule of Civil Procedure 14, which governs third-party practice, provides that a defending party may bring a third-party complaint against a nonparty who is or may be liable to the third-party plaintiff for all or part of the original plaintiff's claim against the third-party plaintiff.  Thus, BOI may bring a third party complaint against persons who are or may be liable to it for all or part of WALS' claim against it.  *See* 6 Charles Alan Wright & Arthur Miller, Federal Practice and Procedure § 1442 (2d ed. 1990)(noting that impleader under Rule 14(a) "is available only against persons who are or may be liable to defendant for all of plaintiff's claim; it cannot be used as a way of combining all controversies having a common relationship in one action").

The critical feature of a Rule 14(a) claim is that the defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff.  Rule 14(a) allows a defendant to assert a claim against a person not a party to the main action only if that third person's liability is in some way dependent upon the outcome of the main claim; it does not

5

allow the defendant to bring a separate and independent claim even though the claim arises out of the same general set of facts as the main claim.  *See Mattes v. ABC Plastics, Inc.*, 323 F.3d 698 (8th Cir. 2003).

Here, plaintiff claims defendant is in unlawful possession of property.  Defendant, on the other hand, seeks relief by way of set off against the other Weatherford entities for unpaid freight charges, a separate matter which is not dependent on the outcome of plaintiff's claim against defendant.  The Court therefore finds defendant's third-party claim against the Weatherford entities cannot be maintained as a third-party complaint under Rule 14(a).

## Conclusion

For the reasons stated, the Court denies the motion to intervene [docket entry 6]; grants the motion to dismiss counterclaim [docket entry 8]; and grants the motion to dismiss the third-party complaint [docket entry 19].

IT IS SO ORDERED this 3rd day of December, 2010.


/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE